UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| COLLIN ETTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 25-3219 |
| | ) | |
| NICOLE BRADSHAW, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW ORDER

Plaintiff, proceeding pro se and presently incarcerated at Stateville Correctional Center, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that he was a detainee at Adams County Jail. He alleges that he had preexisting neck and back injuries when his detention began for which he had been prescribed pain and nerve medication. Plaintiff alleges that a physician he had seen prior to his detention had ordered physical therapy and consultation with a neurosurgeon.

Plaintiff alleges that Defendants Jones and Bradshaw refused to provide his previously prescribed medications, order physical therapy, and facilitate treatment from a neurosurgeon. Plaintiff alleges that medical staff refused to provide treatment when he fell and hurt himself, opting instead to place him in a restraint chair and segregation.

Plaintiff alleges that Defendant Hawkins assigned him to a cell on the top deck and ignored his complaints that walking up stairs caused severe pain. Plaintiff alleges that Defendant Curren ignored his complaints and refused to investigate. Plaintiff alleges serious and ongoing pain.

Plaintiff states a Fourteenth Amendment claim for failure to provide adequate medical care against Defendants Bradshaw, Jones, Curren, and Hawkins. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352-53 (7th Cir. 2018).

### Plaintiff's Motion to Request Counsel (Doc. 4)

Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff has not shown that he made a reasonable effort to obtain counsel on his own. A plaintiff usually does this by attaching copies of letters sent to attorneys seeking representation and copies of any responses received. Because Plaintiff has not satisfied the first prong, the Court does not address the second. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). Plaintiff's motion is denied with leave to renew.

**IT IS THEREFORE ORDERED:**

     **1.** **Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states a Fourteenth Amendment claim for failure to provide adequate medical care against Defendants Bradshaw, Jones, Curren, and Hawkins. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

     **2.** **This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.**

     **3.** **The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.**

     **4.** **With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.**

     **5.** **The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.**

     **6.** **This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance**

and the court has entered a scheduling order, which will explain the discovery process in more detail.

       7.       **Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.**

       8.       **The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.**

       9.       **If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

       10.      **The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

       11.      **The clerk is directed to attempt service on the named defendants pursuant to the standard procedures.**

       12.      **Plaintiff's Motion [4] is DENIED with leave to renew.**

Entered this 14th day of November, 2025.

                                *s/Sara Darrow*
                              SARA DARROW
                      CHIEF U.S. DISTRICT JUDGE